UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JACKSON, | No. 2:15-cv-0808 GEB AC |
| Plaintiff, | |
| v. | ORDER |
| ARIE EVANS, et al., | |
| Defendants. | |

Plaintiff has requested authority under 28 U.S.C. § 1915 to proceed in forma pauperis. Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

I. SCREENING

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are "clearly baseless." Neitzke, 490 U.S. at 327.  The court "must accept as true all of the factual allegations contained in the complaint."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Here, plaintiff alleges that he received multiple interstate phone calls originating in the "202" and "518" area codes, from people who convinced him to wire them approximately $4,360 (including fees to Money Gram and Western Union).  The money was in exchange for a promise that they would then deposit a federal government "grant" of $9,000, or more, into his bank account.  The promise, and indeed the entire enterprise, turned out to be fraudulent.  Plaintiff concludes that he was defrauded of this money, and has complained about it to Money Gram, to his bank and to Western Union.  Plaintiff is suing the people who made the phone calls.

## II.  ANALYSIS

The complaint does not facially appear to be in the form called for by the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8 (requiring a "short and plain statement" showing why the court has jurisdiction and why plaintiff is entitled to any relief).  Plaintiff, proceeding without counsel, does not set forth any jurisdictional statute, nor any statute, constitutional provision, or other law showing that he is entitled to relief, nor any demand for relief (although the civil cover sheet indicates that he seeks $4,360.00).

However, the complaint is a "short and plain," two-page statement.  Moreover, it appears, at least for purposes of this screening, to allege facts that implicitly establish federal jurisdiction and a federal claim for relief, specifically, a claim under the civil remedies provision of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c).[1]  Viewed in

---

[1] Section 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C.A. § 1962(c).  "A violation of § 1962(c) . . . requires (1) conduct (2) of an enterprise (3) (continued…)

        light of the civil RICO statute, the complaint alleges that persons identifying themselves as Arie Evans, James Henderson and Mike Wilson, working together, repeatedly convinced plaintiff by telephone to send more and more money to them by wire transfer, under the fraudulent promise that in return, he would receive a "grant" of $9,000 or more. Plaintiff identifies the trickery defendants employed to keep him sending money, and he specifies the dates and times of the phone calls, the originating phone numbers, the names and addresses of the companies he used to make wire transfers, and the names of the recipients of the wire transfers. As a result of defendants' conduct, plaintiff alleges, he suffered a financial loss of $4,360.

Notwithstanding the unconventional format of plaintiff's complaint, it thus contains sufficient, and sufficiently detailed, information to allow defendants to form a response to it.

Good cause appearing, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Service is appropriate for the following defendants: Arie Evans, James Henderson and Mike Wilson.

3. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, including a copy of this court's status order, without prepayment of costs.

4. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant, one summons, a copy of the complaint, an appropriate form for consent to trial by a magistrate judge, and this court's status order.

5. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall file a statement with the court that said documents have been submitted to the United States Marshal</u>. The court anticipates that, to effect service, the U.S. Marshal will require at least:

---

through a pattern (4) of racketeering activity." <u>Sedima, S.P.R.L. v. Imrex Co., Inc.</u>, 473 U.S. 479, 496 (1985). Even if the complaint did not allege that the three defendants were working together, it still might state a civil RICO claim, because "[a] single 'individual' is an enterprise under RICO." <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541, 548 (9th Cir. 2007) (en banc), <u>cert. denied</u>, 552 U.S. 985 (2007).

a. One completed summons for each defendant;

        b. One completed USM-285 form for each defendant;

        c. One copy of the endorsed filed complaint for each defendant, with an extra copy for the U.S. Marshal;

        d. One copy of this court's status order for each defendant; and

        e. One copy of the instant order for each defendant.

6. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

7. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, CA, 95814, Tel. No. (916) 930-2030.

8. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: April 16, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE